IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| DEBORAH HAMMOND, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12-6116-CV-SJ-ODS ) |
| WATTMASTER CONTROLS, INC., | ) ) |
| Defendant. | ) |

## ORDER AND OPINION GRANTING IN PART
## PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff's Motion to Remand (Doc. # 8). The Motion is granted in part.

### I. BACKGROUND

In relevant part, Plaintiff's state-court Petition alleges the following.[1] In early 2012, while employed by Defendant, Plaintiff discovered Defendant had failed to obtain required approval of certain software codes from the United States Department of Commerce, which precluded Plaintiff from assigning and reporting Export Control Classification Numbers ("ECCN") to federal authorities as part of her job. Petition, ¶ 13. Plaintiff told her supervisors about the matter, but Defendant instructed Plaintiff to complete the project anyway. Petition, ¶ 14, 15, 32. Plaintiff refused to proceed with the ECCN project. Petition, ¶ 15. In April 2012, Plaintiff reported to management her belief that Defendant had provided intentionally misleading information to regulatory authorities in order to obtain export authorization. Petition, ¶ 16, 33. On April 13, 2013, Defendant terminated Plaintiff. Petition, ¶ 17. Plaintiff alleges, among other things, she was terminated as a result of making these reports. Petition, ¶ 35.

---

[1] Plaintiff's state-court Petition is attached as an Exhibit in Defendant's Notice of Removal.

1

Plaintiff initiated this suit in the Circuit Court of Platte County, Missouri, on August 31, 2013. Plaintiff alleges state-law claims for gender discrimination and harassment in violation of the Missouri Human Rights Act (Counts I and II) and a state-law claim for public policy/wrongful discharge (Count III). Plaintiff's Petition makes references to Commerce Department requirements and federal authorities, but does not cite any specific federal law. On October 18, 2012, Defendant filed its Notice of Removal with this Court, asserting 28 U.S.C. § 1131 as the basis for jurisdiction, and contending that Count III of Plaintiff's Petition arises under and otherwise implicates a stated federal issue. Plaintiff denies that Count III arises under federal law and moves to remand this action to state court.

## II. STANDARD

A defendant may remove a case to federal court if the plaintiff's case could originally have been brought there. 28 U.S.C. § 1441(b). Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Federal "arising under" jurisdiction is implicated when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mtg.*, 545 U.S. 308, 314 (2005).

The party seeking removal bears the burden of establishing federal subject-matter jurisdiction. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). All doubts about jurisdiction must be resolved in favor of remand. *Central Iowa Power Co-Op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

III. DISCUSSION

Plaintiff contends, and the Court agrees, that Count III only raises a state-law claim for wrongful discharge and that she did not allege any federal claims. Defendant opposes Plaintiff's Motion to Remand on the grounds that Plaintiff's Count III wrongful discharge claim requires the application and interpretation of federal laws and regulations. Defendant contends "the purported violations alleged by Plaintiff are seemingly controlled by federal regulations relating to the U.S. Department of Commerce." Defendant's Suggestions in Opposition (Doc. # 13), p. 4. Defendant's Notice of Removal argues:

> Despite the wrongful discharge claim, Plaintiff's allegations in Count III actually arise under and implicate substantial and disputed federal issues—namely, issues concerning federal laws and regulations enforced by the federal U.S. Department of Commerce, including the Export Administration Regulations found in 15 CFR Parts 730-774, which covers, among other things, the export of goods, services, and technologies.

Notice of Removal (Doc. # 1), ¶ 9.

The Supreme Court helped clarify when a state-law claim raises a substantial and disputed federal issue in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*. 545 U.S. 308. In that case, the plaintiff filed an action to quiet title after the Internal Revenue Service seized the plaintiff's real property and sold it at a tax sale. *Id.* at 310-11. Plaintiff argued he held superior title because the tax sale violated a federal tax statute governing notice. *Id.* at 314-15. The Supreme Court held that federal jurisdiction was properly warranted because whether the plaintiff was given notice within the meaning of the statute "is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute . . . ." *Id.* The Court went on to reason that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court." *Id.* at 315.

In this case, Plaintiff's state-law wrongful discharge claim does not raise an actually disputed and substantial federal issue. Although the Petition references the Department of Commerce and federal authorities, that is not enough to establish federal question jurisdiction. *Connolly v. Union Pacific R. Co.*, 453 F. Supp. 2nd 1104, 1110

3

(E.D. Mo. 2006) ("This Court does not construe plaintiff's reference to two federal authorities as creating 'substantial questions of federal law' which would confer jurisdiction on this Court.").

Further, Missouri has a strong interest in adjudicating Plaintiff's wrongful discharge claim in its own courts and if this Court exercised jurisdiction it could lead to a flood of litigation in federal court. *See Groth v. Taylor Cable Products, Inc.*, No. 12-351-NKL, 2012 WL 2921854, at *3 (W.D. Mo. July 17, 2012) ("If a state employment claim can be removed to federal court simply because a federal . . . law was relevant, there is the potential that federal forums could be flooded with state claims in which only mechanical application of federal law is required, not only straining federal judicial resources unnecessarily but also depriving state courts on the opportunity to litigate important matters of state law."). *Cf. Grable*, 545 U.S. at 319 (explaining that exercising jurisdiction over a rare state quiet title action that involves contested issues of federal law would not threaten the normal volume of federal litigation).

It is important to note that both parties focused an inordinate amount of time in their briefs arguing whether Plaintiff's pleaded "reasonable belief" wrongful discharge theory was rejected in *Margiotta v. Christian Hospital NE NW*, 315 S.W.3d 342 (Mo. 2010) (en banc). However, what Plaintiff must properly plead for her wrongful discharge claim is not the issue before this Court. Even if the "reasonable belief" theory was rejected in *Margiotta*, and Plaintiff is required to plead an actual violation of a law, Defendant has failed to meet its burden in establishing federal subject-matter jurisdiction. As a result, this case must be remanded. 28 U.S.C. § 1447(c).

Plaintiff requests that the Court award her fees and costs because Defendants improvidently removed this case. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1147(c). "Absent unusual circumstances, courts may award attorney's fees under § 1147(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds that Defendant had an objectively reasonable basis for seeking removal and declines to award Plaintiff fees and costs.

4

IV. CONCLUSION

Accordingly, Plaintiff's Motion to Remand is granted in part. This matter is remanded to the Circuit Court of Platte County, Missouri, without an award of costs or attorney's fees.

IT IS SO ORDERED.

                                                                  /s/ Ortrie D. Smith
                                                                  ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 30, 2013                       UNITED STATES DISTRICT COURT